# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANE EDDOWES,

    Plaintiff,

    v.

DIRECTOR, STATE DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.

NO. 3:18-CV-0125

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before me are three (3) Reports and Recommendations (Docs. 27, 29, 31) issued by Magistrate Judge Martin C. Carlson. Specifically, Magistrate Judge Carlson recommends that four (4) motions to dismiss be granted in this *pro se* prisoner civil rights action commenced by Shane Eddowes ("Eddowes" or "Plaintiff"). For the reasons that follow, the Reports and Recommendations will be adopted in part and the motions to dismiss will be granted, but Eddowes will be given the opportunity to amend his Complaint.

## I. Background

The facts alleged in the Complaint are set forth in detail in the Magistrate Judge's Reports and Recommendations and are not repeated at length herein. For present purposes, it is sufficient to restate that the thrust of the Complaint is that while Eddowes was incarcerated at SCI-Rockview, various individuals, including, *inter alia*, prison officials[1] and employees of Diamond Pharmacy Services, a private pharmacy

---

[1]     The Department of Corrections Defendants consist of non-medical staff (Garman, Houser, McMahon, Probst, and Vance), medical administrators (Williams, Silva, and Drum), and nurses (Ruggiero, Ranio, Stabley, Chamberlin, Swanger, Campbell, and Butler ). (*See* Doc. 27, 2).

company[2], "substituted adulterated, experimental, placebo drugs for [his] prescribed anti-seizure medications." (Doc. 27, 1; *see also* Doc. 30, 1). Eddowes alleges that he has been prescribed klonopin for his seizure disorder. (*See* Doc. 27, 2). Eddowes contends, however, that the medication is being substituted or is otherwise being replaced with a placebo, which resulted in him suffering two seizures. (*See id*. at 2-3; *see also* Doc. 1-1, ¶¶ 34, 40, 48, 58-59, 65-66). As written, the Complaint suggests that if he is being provided a placebo, it is either the pharmacy or the manufacturer of the drug sending the altered medication to SCI-Rockview. (*See id*. at ¶¶ 40, 48, 59, ("Either the pill is being manufactured deficient without the active ingredient clonazepam or is being tampered with or intercepted by substitution of some generic type."), 67).

Based on the foregoing, Eddowes complains that his Eighth Amendment rights have been violated by Defendants' deliberate indifference to his medical needs. (*See* Doc. 1-1, *generally*). Additionally, Eddowes asserts that Defendants retaliated against him for filing grievances in violation of the First Amendment. (*See id*.).

Four (4) motions to dismiss the Complaint have been filed. (*See* Docs. 6, 15, 22, 26). Eddowes filed a brief in opposition to the motions to dismiss submitted by Department of Corrections Defendants, (*see* Docs. 6, 21), and Pharmacy Defendants. (*See* Docs. 15, 21). Eddowes, though, did not file a brief in opposition the motions to dismiss filed by Defendants Fisher and Kakabar, (*see* Doc. 22), or Finn, (*see* Doc. 26), despite being directed by the Magistrate Judge to do so. (*See* Doc. 28). The Magistrate Judge has now issued three (3) Reports and Recommendations on the pending motions to dismiss. (*See* Docs. 27, 29, 31). Plaintiff sumitted timely objections to the first two (2) Reports and Recommendations. (*See* Doc. 30). The Reports and Recommendations, the objections thereto, and the motions to dismiss are now ripe for review.

---

[2]     Pharmacy Defendants are Henry and Denning. (*See* Doc. 29, 1-2).

## II. Discussion

**A.  Legal Standards.**

### 1.  Review of a Report and Recommendation.

When objections to the magistrate judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id*. at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See*, *e.g.*, *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### 2.  Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than

whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**B.      The Reports and Recommendations.**

Magistrate Judge Carlson's Reports and Recommendations will be adopted in part. First, with respect to the recommendations regarding Defendants Fisher and Kakabar's motion to dismiss, as well the motion to dismiss filed by Finn, the Magistrate Judge correctly observed that those motions were not opposed by Eddowes despite the Court's specific instructions that oppositions be filed to those motions by April 16, 2018. (*See* Doc. 31, 2). Accordingly, the motions to dismiss filed by Defendants Fisher and Kakabar (*see* Doc. 22) and by Defendant Finn (*see* Doc. 26) are properly deemed unopposed. For the reasons detailed by the Magistrate Judge, those motions will be granted. (*See* Doc. 31, *generally*).

Second, I agree with the Magistrate Judge that insofar as Eddowes' Eighth Amendment claim against Department of Corrections nurses and non-medical staff is based on the alleged failure of these officials to countermand the prescribing instructions of Eddowes' treating physicians, he fails to state a claim for relief. (*See* Doc. 27, 12-16, 18 (citing, *inter alia*, *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *Pearson v. Prison Health Serv.*, 850 F.3d 526, 540 n.4 (3d Cir. 2017))).

4

Third, the claims against the prison medical administrators that oversee the prison health care program but do not make treatment decisions and who were only involved in the after-the-fact review of Eddowes' grievances do not state viable Eighth Amendment claims. (*See id*. at 15-16).

Fourth, based on the facts as alleged in the Complaint, Eddowes' § 1983 claims against Pharmacy Defendants fail because they are not sufficiently alleged to have acted under color of state law. (*See* Doc. 29, 9-10). These claims will therefore be dismissed, but, for reasons explained by Magistrate Judge Carlson, Eddowes will be given the opportunity to amend his claims against Pharmacy Defendants. (*See id*. at 16).

Fifth, although the Complaint purports to state a First Amendment retaliation claim, Eddowes does not identify any prison officials that engaged in the allegedly retaliatory conduct.

Lastly, Eddowes' suggestion that the manufacturer of the drug is substituting his medicine with placebos as part of a conspiracy with prison officials fails because he does not allege any facts to support the existence of a conspiracy. (*See* Doc. 31, 20-21).

I will, however, also allow Eddowes to amend the Complaint with respect to his claims against Department of Corrections Defendants. The Third Circuit has instructed that "in civil right cases, district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 251 (3d Cir. 2007). Although not entirely clear, the Eighth Amendment claim could arguably be read as stating that Eddowes' physicians prescribed him klonopin but Department of Corrections staff refused to provide that medication. Such facts may plausibly state a cause of action. *See*, *e.g.*, *Benson v. Gordon Cnty.*, 479 F. App'x 315, 319 (11th Cir. 2012); *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002); *Hampton v. Wetzel*, No. 14-1367, 2016 WL 815559, at *6

(M.D. Pa. Mar. 2, 2016) (inmate stated an Eighth Amendment claim against physician assistant who discontinued medication that was prescribed by the plaintiff's doctor). But the Complaint in its current form does not identify which of the many named Department of Corrections Defendants substituted and/or failed to provide his prescribed medication. (*See* Doc. 1-1, *generally*). As such, Eddowes will be afforded the opportunity to file an amended pleading to properly state a claim against any or all of Department of Corrections Defendants.

## III. Conclusion

For the above stated reasons, the Report and Recommendations will be adopted in part, and the motions to dismiss will be granted. The claims against Defendants Fisher, Kakabar, and Finn will be dismissed with prejudice. The claims against Defendants Garman, Houser, McMahon, Probst, Vance, Silva, Drum, Williams, Ruggiero, Ranio, Stabley, Chamberlin, Swanger, Campbell, Butler, Denning, and Henry will be dismissed without prejudice, and Eddowes will be given twenty-one (21) days to file an amended complaint to properly state his claims against these Defendants. Failure to do so will result in the dismissal of these claims with prejudice.

An appropriate order follows.


May 16, 2018
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

6