# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANE EDDOWES** | : | Civil No. 3:18-CV-125 |
| **Plaintiff** | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Carlson) |
| **DIRECTOR, STATE DEPARTMENT OF CORRECTIONS, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.  Statement of Facts and of the Case

This is a *pro se* state prisoner civil rights lawsuit. The plaintiff, Shane Eddowes, is an inmate housed at the State Correctional Institution (SCI) Rockview. Eddowes' current complaint levels allegations that often have the quality of things that are more imagined than real. In his amended complaint Eddowes names multiple defendants, and the gravamen of Eddowes' amended complaint is an allegation that drug manufacturers, pharmacy personnel and his own treating physicians have entered into a far-reaching conspiracy to illegally substitute adulterated drugs for his prescription anti-seizure medications.

With the issues in this litigation framed in this fashion, Eddowes has filed a motion to compel production of certain information from the defendants. (Doc. 56.) This motion to compel also has a confused quality to it. Despite the specific

1

allegations in his complaint regarding the furtive substitution of a placebo for a specific medication at a particular time, Eddowes seeks decades worth of seemingly unrelated information on a host of legal and medical issues from the defendants. In addition, Eddowes seeks certain documents from the Department of Corrections that relate to his concerns about C.I.A. and F.B.I. neural implants and mind and body control, a category of discovery claim that "relies on 'fantastic or delusional scenarios.' Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009).

We directed the defendants to respond to these discovery demands to the extent that they are able to do so (Doc. 57) and they complied by filing a response which indicates that they have provided Eddowes with approximately 120 documents, all of which confirm that he is receiving his prescribed medication. (Doc. 58.) The defendants have also explained to Eddowes that many of the items he seeks do not exist and have confirmed for him that they are not engaged in neural implants or mind and body control experiments. (Id.)

Given this response, for the reasons set forth below, this motion to compel will be denied.

**II.   Discussion**

   **A. Motions to Compel—Guiding Principles**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs

motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The general scope of discovery is defined by Federal Rule of Civil Procedure 26(b)(1) in the following terms:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin–Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). See Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *1 (M.D. Pa. Dec. 16, 2015). This broad discretion extends to discovery rulings by magistrate judges. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, when assessing discovery disputes we are enjoined that:

> "Discovery need not be perfect, but discovery must be fair." Boeynaems v. LA Fitness Int'l, LLC, 285 F.R.D. 331, 333 (E.D. Pa. 2012) (Baylson, J.). "The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party." Hicks v. Arthur, 159 F.R.D. 468, 470 (E.D. Pa. 1995). "[T]he scope of [ ] discovery is not without limits." Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). As such, "[d]iscovery should be tailored to the issues involved in the particular case." Id.

Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 149 (M.D. Pa. 2017).

Further, in making these judgments:

> To determine the scope of discoverable information under Rule 26(b)(1), the Court looks initially to the pleadings." Trask v. Olin Corp.,

298 F.R.D. 244, 263 (W.D. Pa. 2014) (Fischer, J.). In ascertaining which materials are discoverable and which are not, a district court must further distinguish between requests that "appear[ ] reasonably calculated to lead to the discovery of admissible evidence," Bell v. Lockheed Martin Corp., 270 F.R.D. 186, 191 (D.N.J. 2010), and demands that are "overly broad and unduly burdensome." Miller v. Hygrade Food Products Corp., 89 F.Supp.2d 643, 657 (E.D. Pa. 2000).

Id.

Likewise:

[I]t is clear that Rule 26's definition of that which can be obtained through discovery reaches nonprivileged matter that is relevant to any party's claim or defense. Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Rather, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P., Rule 26(b)(1).

Grayson v. Dewitt, No. 1:15-CV-453, 2016 WL 5801699, at *3 (M.D. Pa. Oct. 5, 2016).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting

the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Another immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

### B. **This Motion to Compel Will be Denied**

Guided by these legal tenets this motion to compel will be denied.

At the outset, it is evident that the defendants have attempted to provide fulsome responses to a challenging series of discovery demands, discovery demands which, on occasion, have had the quality of something imagined. Nonetheless the defendants have provided Eddowes with approximately 120 documents which confirm that he is receiving his prescribed medication and rebut any claims of far-reaching neural implant or mind control experiments. Given the completeness of

these responses, we find that further disclosures are not required, or are not possible, in the instant case.

For example, we understand that the defendants have reported that much of what Eddowes requests simply does not exist. These responses are clearly adequate, and, therefore, the motion to compel as to these matters will be denied. <u>Victor v. Lawler</u>, No. 3:08-CV-01374, 2010 WL 2326248, at *3 (M.D. Pa. June 2, 2010). In addition, while Eddowes' legal claims are specific, narrow and discrete, many of his discovery demands seek decades worth of documents that are unrelated to the specific medical concerns described in this lawsuit. In this setting, Eddowes' discovery demands founder on two legal shoals. First, those demands fail because they do not satisfy the threshold requirement of relevance in that much of what Eddowes requests seems unrelated to the issues in this lawsuit. In addition, to the extent that these requests may have some marginal, tangential relevance, the requests for decades worth of material run afoul of the rule of proportionality in that these discovery demands are grossly disproportionate to the issues in the case and the needs of the parties.

Taking all of these considerations into account, we will deny this motion to compel. (Doc. 56.) An appropriate order follows.

## III. Order

AND NOW this 6th day of December, 2018, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the plaintiff's motion to compel, (Doc. 56) is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
