# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE EDDOWES | : | Civil No. 3:18-CV-125 |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Carlson) |
| DIRECTOR, STATE DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

### I. Statement of Facts and of the Case

This is a *pro se* state prisoner civil rights lawsuit. The plaintiff, Shane Eddowes, is an inmate housed at the State Correctional Institution (SCI) Rockview. Eddowes' current complaint levels allegations that often have the quality of things that are more imagined than real. In his amended complaint Eddowes names multiple defendants, and the gravamen of Eddowes' amended complaint is an allegation that drug manufacturers, pharmacy personnel and his own treating physicians have entered into a far-reaching conspiracy to illegally substitute adulterated drugs for his prescription anti-seizure medications.

With the issues in this litigation framed in this fashion, Eddowes previously filed a motion to compel production of certain information from the defendants. (Doc. 56.) This motion to compel also had a confused quality to it. Despite the

1

specific allegations in his complaint regarding the furtive substitution of a placebo for a specific medication at a particular time, Eddowes sought decades worth of seemingly unrelated information on a host of legal and medical issues from the defendants, along with certain documents from the Department of Corrections that relate to his concerns about C.I.A. and F.B.I. neural implants and mind and body control, a category of discovery claim that "relies on 'fantastic or delusional scenarios.' Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). The defendants responded to these discovery demands by filing a response which indicated that they have provided Eddowes with approximately 120 documents, all of which confirm that he is receiving his prescribed medication. (Doc. 58.) The defendants have also explained to Eddowes that many of the items he seeks do not exist and have confirmed for him that they are not engaged in neural implants or mind and body control experiments. (Id.)

Given this response, we denied Eddowes' motion to compel. We then denied a second similar motion to compel. (Doc. 64.)

Undeterred, Eddowes has now filed yet another motion to compel, (Doc.68), which reprises many of his past demands. The motion is not accompanied by a brief, as required by the rules of this court. will be denied. This failure to file a brief has consequences for the plaintiff since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief

2

in a timely fashion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

Since this latest motion to compel is not accompanied by a brief which would have explained the plaintiff's entitlement to relief, as required by the local rules, the motion (Doc. 68) is DEEMED WITHDRAWN and DISMISSED without prejudice.

So ordered this 12th day of March 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge